IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL ARTURO GARCIA-ASCANIO | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-1847 |
| | § | |
| SPRING INDEPENDENT SCHOOL | § | JURY |
| DISTRICT, RODNEY WATSON (In his | § | |
| capacity as Superintendent of Schools), | § | |
| ROBERT LUNDIN (In his capacity as | § | |
| Assistant Superintendent of Middle | § | |
| Schools), PAMELA FARINAS (In her | § | |
| capacity as Assistant Superintendent of | § | |
| Middle Schools) and ERIC MULLENS (In | § | |
| his capacity as Principal of Dueitt Middle | § | |
| School) | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, DANIEL ARTURO GARCIA-ASCANIO ("Garcia" or "Plaintiff"),

Plaintiff in the above styled and numbered cause, and files this Plaintiff's Original Complaint,

complaining of SPRING INDEPENDENT SCHOOL DISTRICT, RODNEY WATSON (In his

capacity as Superintendent of Schools), ROBERT LUNDIN (In his capacity as Assistant

Superintendent of Middle Schools), PAMELA FARINAS (In her capacity as Assistant

Superintendent of Middle Schools) and ERIC MULLENS (In his capacity as Principal of Dueitt

Middle School) (collectively, the  "Defendants"), and for cause of action, would show as

follows:

### I. INTRODUCTION

1.      This action is brought under the Uniformed Services Employment and

Reemployment Rights Act (USERRA), 38 U.S.C. § 4301 *et seq*. Plaintiff alleges violations of

USERRA by defendants. Plaintiff, as a servicemember, is afforded certain protections under USERRA. Defendants committed prohibited acts when they discriminated against Plaintiff and took adverse employment action against him because of (i) his protected status; and (ii) his actions to enforce the protections afforded to him under USERRA. Plaintiff seeks all damages available under USERRA including economic damages (pay and benefits), compensatory damages, and liquidated damages. Plaintiff also seeks an award of attorney's fees, expert witness fees, and litigation expenses.

## II. PARTIES

2.      Plaintiff, Daniel Arturo Garcia-Ascanio (hereinafter "Garcia" or "Plaintiff") is a citizen of the State of Texas and resides in Harris County, Texas.

3.      Defendant Spring Independent School District ("Spring ISD") is a school district formed under the Constitution, statutes, and laws of the State of Texas.  Specifically, Spring ISD is established under the Texas Education Code. Spring ISD receives federal funds.

4.      Defendant Rodney Watson ("Watson") is the current Superintendent of Schools of Spring ISD, and, as such, an employee of Spring ISD.

5.      Defendant Robert Lundin ("Lundin") is the former Assistant Superintendent of Middle Schools of Spring ISD, and, as such, an employee of Spring ISD.

6.      Defendant Pamela Farinas ("Farinas") is the current Assistant Superintendent of Middle Schools of Spring ISD, and, as such, an employee of Spring ISD.

7.      Defendant Eric Mullen ("Mullen") is the current Principal of Dueitt Middle School, a school located within Spring ISD, and, as such, an employee of Spring ISD.

8.      Each of the Defendants named above is an "employer" as defined by 38 U.S.C. § 4303(4)(A)(i)-(v).

## III. JURISDICTION AND VENUE

9.      Subject matter jurisdiction is conferred on this Court by 38 U.S.C. § 4323(b)(2)-(3) which provides that the district courts of the United States have jurisdiction over a USERRA action brought against a private employer and that a person <u>may</u> bring an action against a State employer in state court.  This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under laws of the United States, and under 28 U.S.C. § 1343(a)(4), because Plaintiff seeks to secure relief under an Act of Congress that protects civil rights.

10.      Venue is proper in this district under 38 U.S.C. §4323(c)(2) and 28 U.S.C. § 1391(b)(2).  Defendant Spring Independent School District is a State or private employer that maintains places of business in the district of this United States District Court, and a substantial part of the events giving rise to the claims in this action occurred in this district.  Defendant Spring Independent School District employs persons who live in Houston, Harris County, Texas.

## IV. FACTS

11.      Garcia is a veteran of the United States Army.

12.      All of Garcia's military discharge records reflect honorable military service.

13.      In August of 2013, Garcia was hired as a Social Studies teacher at Twin Creeks Middle School, a school located within Spring ISD.

14.      In July of 2014, Garcia joined the Texas Army National Guard, 72nd IBCT as a commissioned officer with the rank of Captain.

15.      In October of 2014, Garcia was issued active duty order and deployed outside of the United States.

16.     In November of 2015, upon returning from duty, Garcia was reinstated as Social Studies teacher for Spring ISD at Westfield High School. Garcia was placed in this position because the district did not reserve his teaching position at Twin Creeks Middle School during and after his deployment. This resulted in a loss of seniority at Spring ISD.

17.     In July of 2015, Garcia left the Texas Army National Guard.

18.     In August of 2016, Garcia was hired for the position of Assistant Principal Position at Dueitt Middle School in Harris County, Texas.

19.     In November of 2017, Garcia joined the United States Army Reserves.

20.     The same month (November 2017), Garcia submitted to the then Principal of Dueitt Middle School, Dr. Bostick, his unit's drill schedule indicating his scheduled Annual Training (AT) training days during the summer.

21.     Between July 21, 2018 and August 9, 2018, Garcia attended his military Annual Training.

22.     On July 25, 2018, Garcia's summer break ended but was unable to attend work at Dueitt Middle School due to his Annual Training.

23      On July 31, 2018, Garcia submitted his updated unit's drill schedule to the new Dueitt Middle School principal, Eric Mullens ("Mullens").

24.     On August 10, 2018, Garcia resumed work at Dueitt Middle School upon ending the summer break and Annual Training.  Garcia missed twelve (12) days of work due to his Annual Training. At all times applicable hereto, the Defendants were aware in advance of Garcia's military obligations.

25.     On August 26, 2018, Robert Lundin ("Lundin") spoke to Garcia and stated that Garcia needed to front load his work before taking military leave in order to avoid creating more work for others at Spring ISD.

26.     On October 26, 2018, Lundin spoke to Garcia and reminded him that Garcia needed to front load his teacher observations and all other work in order to "not be a burden to my colleagues."  Garcia was instructed to work at home in order to catch up on work he missed due to his military service.  Lundin also stated that Garcia should work while away during military training.  Lundin stated that Garcia's military commitment was a "choice" and that the school was priority.

27.     On October 29, 2018 through November 2, 2018, Garcia attended Commander's Training at Ft. Knox, Kentucky.

28.     On November 6, 2018, Lundin gave a half-day notice via Google Calendar that Garcia needed to attend a "performance" meeting due to "…events that occurred over the last few weeks," and to bring data showing work performance.

29.     During the meeting with Lundin, Lundin stated, while pounding on the table, "this is a wake-up call" and "it is not fair to [burden] your colleagues because of [the military service] choices you made outside of your job." When Garcia politely informed Lundin that Garcia was obligated to military service, Lundin replied, "no, you chose that." Further, he suggested that Garcia needed to perform additional work that "doesn't screw over your colleagues because of your choices."

30.     On November 7, 2018, Garcia was informed by Battalion S3 operations office of unexpected training (Operation Cold Steel) scheduled on November 12, 2018 through November 19, 2018. Garcia attended this training with advance notice to his employer.

31.     Upon his return, Garcia was told that he was expected to spend 60% of his day completing teacher observations/walkthroughs while simultaneously managing discipline and conducting investigations.  Apparently contradicting his earlier statements, Lundin stated that Garcia was processing too many referrals for serious incidents such as tardies, fighting, bullying, sexual assault, etc.  With an increase in his work demand, Garcia developed efficient Excel templates for district forms that autofill the required district forms.  Mullens prohibited Garcia from using all but one template (discipline referral) while simultaneously allowing other school administrators access to use said templates.

32.     On December 12, 2018, Mullens reassigned Garcia to become the 7th Grade Principal mid-way into the school year without providing a reason.  Garcia was the 8th grade principal and was following the cohort for two and a half years. Garcia was removed from his office and relocated.

33.     On January 15, 2019, Pamela David, the Compensation and Benefits HR Director, sent Garcia multiple emails insisting he supply her with copies of his order for Captain Career Course Phase 2 training and drill days between the dates of January 23, 2019 through January 27, 2019.  Garcia responded that USERRA does not require him to produce copies of his order unless his military service exceeded 30 days.  Garcia than referred Ms. David to the 451st Civil Affairs Battalion acting commander, Maj. Glocer.  Ms. David never contacted Maj. Glocer.

34.     Between January 23, 2019 through February 27, 2019, Garcia participated in the Captain Career Course Phase 2 at Fort Bragg, North Carolina.

35.     On February 26, 2019, Garcia returned to work after completing 29 days of military service/training.  Mullens found Garcia in a training conference and briefly welcomed him back.  Mullens did not schedule a meeting with Garcia to discuss new updates and priorities

that occurred during Garcia's absence.  Garcia felt unwelcomed and noted that hostility towards him was obvious.  Garcia also learned that Lundin was demoted to an instructional/leadership coaching position after Garcia complained that Lundin's conduct violated Garcia's rights under federal law.

36.     The Defendants' discriminatory conduct toward Garcia increased. He faced increased scrutiny by school administrators and was constantly called into meetings for unwarranted performance evaluations and criticism. Garcia became concerned that he was being targeted for termination because of his military service.

37.     On March 21, 2019, Garcia's legal counsel sent a letter to Spring ISD's assistant general counsel stating that "we are preparing a complaint for filing…alleging violations of my client's rights under USERRA and retaliation." No response was received, but Defendants accelerated their discrimination against Garcia in response.

38.     On May 16, 2019, Garcia was provided with written notice that Spring ISD would not renew his employment contract. In support of the decision not to renew, the letter alleged the following: (a) immorality; (b) possession of drugs and/or alcohol and being under the influence of same; (c) failure to comply with school Board policies; (d) neglect of duties, including excessive absences; (e) failure to meet the standards of professional conduct as stated in the Educators' Code of Ethics; (f) good cause; (g) failure to perform job duties; (h) behavior detrimental to work objectives; (i) behavior detrimental to student achievement; and (j) leadership behavior detrimental to those taught or supervised. Spring ISD provided no substantiation in support of these allegations. Indeed, there is no evidence to support any of the allegations.

39.     Not only did Defendants terminate or propose terminating Garcia's employment because of his military obligations, they defamed him by accusing him of abusing drugs and/or alcohol. Moreover, Defendants violated USERRA when they failed to preserve his position in November 2015 causing him to lose seniority.

## V. CAUSES OF ACTION

40.     Defendants violated Garcia's rights as guaranteed by USERRA 38 U.S.C. §§ 4301 to 4335, including but not limited to: 38 U.S.C. § 4311 discrimination and retaliation in employment; 38 U.S.C. §§ 4312, 4313 reemployment rights; § 4316, and 20 C.F.R. § 1002.247, rights and benefits of persons absent from employment for service in the armed forces; 38 U.S.C. § 4318, denial of retirement and pension benefits; and 38 U.S.C. § 4323(d), 20 C.F.R. § 1002.312(c), willful violations of his USERRA rights.

### (CAUSE OF ACTION NO.1, DISCRIMINATION 38 U.S.C. § 4311(a))

41.     Plaintiff re-alleges paragraphs 1 through 39.

42.     Defendants' actions caused the violation of Garcia's USERRA rights such that Garcia's obligations to perform service in the uniformed service was a motivating factor in decisions by Defendants which adversely affected Garcia's employment.

43.     Defendants unlawfully discriminated against Garcia, among other ways, by denying his employment and benefits of employment, and failing to retain him in employment, on the basis of his membership, service or obligation to performed service in the unformed service, a right provided by USERRA.

### (CAUSE OF ACTION NO. 2, DISCRIMINATION/RETALIATION 38 U.S.C. § 4311(b)-

### (c))

44.     Plaintiff re-alleges paragraphs 1 through 39.

45.     Defendants' actions caused the violation of Garcia's USERRA rights such that Garcia's action to enforce a protection afforded him under USERRA, or to exercise a right provided by USERRA, was a motivating factor in Defendants' decisions to deny Garcia employment and benefits of employment. In taking action to enforce a protection under USERRA, Garcia invoked rights under federal law. Defendants' violated that law when they discriminated against him and took adverse employment action against him because he did so.

46.     In addition, Defendants continually harassed Garcia and made the workplace hostile and intolerable because of his service in a uniformed service.

**(CAUSE OF ACTION NO. 3, VIOLATION OF 38 U.S.C. §§ 4312 & 4313)**

47.     Plaintiff re-alleges paragraphs 1 through 39.

48.     Defendants' actions violated 38 U.S.C. §§ 4312 and 4313 of USERRA, among other ways, by failing or refusing to:

       a.  Reemploy Garcia in the position of employment at which he would have been employed had his employment with Spring ISD not been interrupted by military service, or a position of like seniority, status, and pay, the duties of which Garcia was qualified to perform;

       b.  Make reasonable efforts to accommodate Garcia.

       c.  Reemploy Garcia in any other position which is equivalent in seniority, status and pay, the duties of which Garcia was qualified to perform or would become qualified to perform with reasonable efforts by Defendants.

**(CAUSE OF ACTION NO. 4 – VIOLATION OF 38 U.S.C. § 4316)**

49.     Plaintiff re-alleges paragraphs 1 through 39.

50.     Defendants violated 38 U.S.C. § 4316, among other ways, by denying Garcia the rights and benefits determined by seniority and such other rights and benefits not determined by seniority Garcia would have attained if he had remained continuously employed, *inter alia*, loss of longevity or seniority and the benefits applicable thereto.

#### (CAUSE OF ACTION NO. 5 – VIOLATIONS OF USERRA 38 U.S.C. § 4318)

51.     Plaintiff re-alleges paragraphs 1 through 39.

52.     USERRA, 38 U.S.C. § 4318(a)(2)(B), (b)(1), provides that a service member's pension benefits will continue to accrue while he or she is engaged in uniformed services.

53.     USERRA, 38 U.S.C. § 4318(b)(3), mandates that the employer must make pension contributions "on the basis of the employee's average rate of compensation during the 12-month period immediately preceding such period (or, if shorter, the period of employment immediately preceding such period.)"  38 U.S.C. § 4318(b)(3).

54.     Defendants' actions violate USERRA because Defendants' failed to provide the statutorily-mandated "deemed income" retirement contributions or make proper contributions to Garcia's various retirement plans based upon his proper seniority/longevity. Defendants may also have violated USERRA by denying an "employer-match" of a 401(k) contribution.

#### (CAUSE OF ACTION NO. 6, WILLFUL VIOLATIONS – 38 U.S.C. § 4323)

55.     Plaintiff re-alleges paragraphs 1 through 39.

56.     Defendants' conduct was willful as defined by 38 U.S.C. § 4323(d), 20 C.F.R. § 1002.312(c), because *inter alia* Garcia gave Defendants multiple notices that its actions violated USERRA.  Defendants have engaged in ongoing violations of USERRA and Defendants showed a deliberate indifference for the matter, and Defendants recklessly disregarded federal law, their own policies, and posted USERRA work-place notices.

## VI. JURY DEMAND & REQUEST FOR WAIVER OF FILING FEE

57.     Garcia hereby demands a trial by jury.

58.     Garcia requests waiver or refund of his filing fee of $400 pursuant to 38 U.S.C. § 4323(h)(1).

## VII. PRAYER

WHEREFORE, Plaintiff Daniel Arturo Garcia-Ascanio respectfully prays for:

A.      Judgment against Defendants for the violations and causes of action alleged herein.

B.      Compensation for all injury and damages suffered by Garcia including, but not limited to, both economic and non-economic damages, in the amount to be proven at trial including back pay, front pay, pre and post judgment interest, lost benefits of employment, negative tax consequences of any award, liquidated damages, exemplary damages, and punitive damages as provided by law.

C.      Plaintiff's reasonable attorney fees, expert fees, and litigation expenses, pursuant to 38 U.S.C. § 4323(h)(2), and as otherwise provided by law.

D.      Such other and further relief as this Court deems just and equitable, including injunctive relief to preserve Garcia's benefits of employment and to enjoin future violations of USERRA under 38 U.S.C. § 4323(e).


Dated: May 22, 2019

Respectfully submitted,

THE VERDE LAW FIRM, PLLC

/s/ Joshua A. Verde
Joshua A. Verde
Attorney-in-Charge
State Bar No. 24077590
Fed ID No. 1760723
4600 Highway 6 North, Suite 320
Houston, TX 77084
Phone: 713-909-4347
Fax: 713-588-2431
josh@verde-law.com

ATTORNEY FOR PLAINTIFF
DANIEL ARTURO GARCIA-ASCANIO