IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL ARTURO GARCIA-ASCANIO | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:19-cv-1847 |
| v. | § | |
| | § | JURY |
| SPRING INDEPENDENT SCHOOL | § | |
| DISTRICT, et al. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO THE INDIVIDUAL DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Plaintiff Daniel Arturo Garcia-Ascanio ("Plaintiff" or "Garcia") responds herein to Rodney Watson, Robert Lundin, Pamela Farinas, and Eric Mullens' (collectively, the "Individual Defendants") Motion to Dismiss Pursuant to Rule 12(b)(6) (the "Motion to Dismiss") [Doc. No. 7]. For the reasons stated herein, the Court should deny the Individual Defendants' Motion to Dismiss.

**SUMMARY OF RESPONSE**

1.      The Individual Defendants' Motion to Dismiss glosses over the bulk of Garcia's complaint and focuses primarily on the portion of his USERRA complaint that involves wrongful termination (or, in this case, not renewing or interfering with his employment contract). Relying on the Texas Education Code, they state that "the clear confines of state law….indicat[e] that Spring ISD is Mr. Garcia's sole and exclusive employer…" and the Individual Defendants did not have "the power to terminate or nonrenew his employment contract." Motion to Dismiss at 4-5.

2.      But this is not a state law claim, it is a federal claim, and it is the federal law at issue in this case that defines the word "employer." The Individual Defendants cannot ask this Court to apply Texas state law to avoid liability in a suit under USERRA or to interpret USERRA. Moreover, Garcia makes other individual claims under USERRA not relating to the termination of his employment. For example, the Individual Defendants, as Garcia's employer, created a hostile working environment, attempted to sabotage Garcia's work, made false allegations against him (including allegations of potentially criminal activity), and retaliated against him when he exercised his rights under USERRA. These specific claims are not addressed in the Individual Defendants' Motion to Dismiss.

3.      The Individual Defendants also ask this Court to dismiss them from the lawsuit because their inclusion is redundant, but Garcia may sue them in their individual capacities as well as their professional capacities, and Garcia seeks to amend his complaint to make that distinction. *See* below.

## ARGUMENT & AUTHORITIES

### 12(b)(6) Standard

4.      A party may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does

not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) (quoting *Twombly*, 550 U.S. at 570). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotation marks omitted) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)).

## Plaintiff Should Be Afforded Opportunity to Amend Complaint

5.      When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification ... is considered an abuse of discretion." (internal citation omitted)). Should the Court determine that dismissal under Rule 12(b)(6) is appropriate because of a pleading deficiency in Plaintiff's *Original* Complaint, Garcia seeks leave to amend.

**The Individual Defendants are Employers Under USERRA**

6.      USERRA has three purposes: "(1) to encourage noncareer service in the uniformed services by reducing employment disadvantages; (2) to minimize the disruption to the lives of persons performing military service, their employers and others by providing for the prompt reemployment of such person upon their completion of such service; and (3) to prohibit discrimination against persons because of their service in the uniformed services." *Bradberry v. Jefferson Cty., Tex.*, 732 F.3d 540, 544–45 (5th Cir. 2013); 38 U.S.C. § 4301(a).

7.      USERRA prohibits discrimination against persons who serve in the uniformed services and acts of reprisal. A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation. 38 U.S.C. § 4311(a). An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter. The prohibition in this subsection shall apply with respect to a person regardless of whether that person has performed service in the uniformed services. 38 U.S.C. § 4311(b). Importantly, USERRA defines "employer" as follows:

> Employer, except as provided in paragraphs (d)(2) and (3) of this section, means any person, institution, organization, or other entity that pays salary or wages for work performed, or that has control over employment opportunities, including -

> (i) A <u>person</u>, institution, organization, or other entity <u>to whom the</u> <u>employer has delegated</u> the performance of <u>employment-related</u> <u>responsibilities</u>, except in the case that such entity has been delegated functions that are purely ministerial in nature, such as maintenance of personnel files or the preparation of forms for submission to a government agency;

20 C.F.R. § 1002.5(d)(1) (emphasis added).

8.      Multiple courts directly considering the issue have held that individuals who have authority or input over hiring and firing or promotion are "employers" under USERRA. *See, e.g., Risner v. Ohio Dep't of Rehab. & Corr.*, 577 F.Supp.2d 953, 967 (N.D. Ohio 2008); *Brandsasse v. City of Suffolk, Va.*, 72 F.Supp.2d 608, 618 (E.D. Va.1999). Moreover, in *Baldwin v. City of Greensboro*, No. 1:09CV742, 2010 WL 3211055 (M.D.N.C. Aug. 12, 2010), *report and recommendation adopted in relevant part*, 2010 WL 9904879, at *1–2 (M.D.N.C. Oct. 15, 2010), the court expressly rejected an argument that an individual had to have hiring or firing authority in order to be held liable as an "employer" under USERRA. *Id*. at *4. The *Baldwin* court denied a motion to dismiss because the individual defendants were alleged to have been in plaintiff's supervisory chain of command, were involved in preparing plaintiff's performance evaluations, were involved in plaintiff's daily supervision, and were involved in the events that ultimately caused plaintiffs termination. *Id*. Here, Garcia has alleged that individual defendants Lundin, Mullins, and Farinas were directly involved in both the supervision of Garcia's work and the individual acts of prohibited discrimination and retaliation that violate USERRA. *See* Pl. Orig. Compl. at ¶¶ 23-39. The principal defendants are also in a position to make hiring and firing recommendations. As to individual defendant Watson, Defendants' own position is that the ISD's Board of Trustees "has the exclusive power and duty to 'make decisions relating to terminating the employment of district employees…'" Motion to Dismiss at 4. Spring ISD

prominently refers to this governing body as the "Team of Eight" and Dr. Watson is included in that governing body. *See* https://www.springisd.org/domain/90 (last accessed Aug. 5, 2019).

9.     *Angiuoni v. Town of Billerica*, 999 F.Supp.2d 318, No. 11–11661–NMG, 2014 WL 494803 (D.Mass. Feb. 5, 2014), is also instructive as to the question of individual liability. In *Angiuoni*, the court declined to dismiss USERRA claims against a police chief because he "[was] delegated the responsibility of placing Department employees on administrative leave and recommending them for termination even if the Town makes the final decision." *Id*. at 322, 2014 WL 494803 at *4. The Individual Defendants, and particularly Watson, are analogous to the police chief in that case. Also, and perhaps most importantly, the United States Department of Labor has "decline[d] to adopt the position that individual supervisors and managers should be excluded from the regulatory definition of 'employer' under USERRA." *Uniformed Services Employment and Reemployment Rights Act of 1994, As Amended*, 70 Fed. Reg. 75,246–01 (Dec. 19, 2005) (codified at 20 C.F.R. Part 1002).

**<u>Dismissal of Individual Defendants Would Prejudice Garcia</u>**

10.     In *Carder v. Cont'l Airlines, Inc.*, 636 F.3d 172, 179 (5th Cir. 2011), the Fifth Circuit held that Congress did not intend to create a hostile-work-environment cause of action under USERRA. The Fifth Circuit reasoned that § 4303(2) did not include "terms, conditions, or privileges of employment" in its definition of "benefit of employment." *Id*. at 177–79. Congress subsequently amended the definition of "benefit of employment" to expressly include "the terms, conditions, or privileges of employment," 38 U.S.C. § 4303(2), but the Fifth Circuit has not examined the issue since then, and a district court has declined to do so. *Bennett v. Dallas Indep. Sch. Dist.*, 936 F. Supp. 2d 767, 789 (N.D. Tex. 2013). Some district courts from other circuits have recognized hostile-work-environment claims under USERRA after the amendment. *See*

*e.g., Montoya v. Orange Cty. Sheriff's Dep't*, 987 F. Supp. 2d 981 (C.D. Cal. 2013); *McDaniel v. Loyola Univ. Med. Ctr.*, No. 13-cv-06500, 2014 WL 4269126, at *7 (N.D. Ill. Aug. 28, 2014).

11.     Garcia alleges a work environment that was objectively and subjectively offensive; one that a reasonable person could find hostile or abusive.[1] For example, Lundin repeatedly shouted and pounded his fists on a table when confronting Garcia over his service obligations. Pl. Orig. Compl. at ¶ 29. Mullins and Farinas were directly responsible for depriving Garcia of the tools necessary to do his job and concocting a false set of accusations against him including that he was "immoral," was in "possession of drugs," and "neglect[ing] his duties." *Id.* at ¶¶ 36-39. USERRA makes it clear that Garcia may bring claims against the Individual Defendants and their dismissal with prejudice at this stage in the litigation would unfairly prejudice Garcia by denying him the opportunity to seek redress for the discrimination and retaliation he experienced.

## CONCLUSION

For the reasons stated above, the Court should deny the Individual Defendants' Motion to Dismiss. In the alternative, if the Court is inclined to grant the Individual Defendants' Motion to Dismiss, Garcia should be given the opportunity to amend his complaint to cure any pleading deficiency.

Dated:  August 5, 2019

---

[1] *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998).

Respectfully submitted,

THE VERDE LAW FIRM, PLLC

/s/ Joshua A. Verde
Joshua A. Verde
attorney-in-charge
State Bar No. 24077590
Fed ID No. 1760723
4600 Highway 6 North, Suite 320
Houston, TX 77084
Phone: 713-909-4347
Fax: 713-588-2431
josh@verde-law.com

ATTORNEY FOR PLAINTIFF
DANIEL ARTURO GARCIA-ASCANIO

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document (with attachments or exhibits, if any) has been served on the persons listed below, via ECF, email, fax, and/or U.S. Mail, on August 5, 2019.

/s/ Joshua A. Verde
Joshua A. Verde

KARCZEWSKI | BRADSHAW | SPALDING
C. Cory Rush
crush@kbslawgroup.com
Kirk A. Agee
kagee@kbslawgroup.com
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Telephone: (713) 993-7066
Facsimile: (888) 726-8374

ATTORNEYS FOR THE
INDIVIDUAL DEFENDANTS